**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NAZARIO MORLA, | : | |
| | : | Civil Action No. 08-840 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Pro Se Petitioner
Nazario Morla

Counsel for Respondents
James T. Wakley
Deputy Attorney General
Delaware Department of Justice
Wilmington, DE 19801

**KUGLER**, District Judge

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 ("Petition") filed by Nazario Morla ("Petitioner"). (D.I. 2.) Petitioner was incarcerated

at the James T. Vaughn Correctional Center in Wilmington, Delaware when he filed the Petition.

For the reasons set forth below, the Court will deny the Petition as time-barred by the one-year

period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## I. BACKGROUND

In September 2005, Petitioner was indicted for trafficking in cocaine (over 100 grams),

possession with intent to deliver cocaine, maintaining a vehicle to keep controlled substances,

and related offenses. Petitioner pled guilty to the lesser included offense of trafficking cocaine

(50-100 grams) in March 2006.  The Superior Court sentenced Petitioner to seven years of imprisonment at Level V, suspended after four years for Level III probation.  Petitioner did not appeal his conviction to the Delaware Supreme Court.  See State v. Morla, 2007 WL 2566012, at *1 (Del. Super. Ct. Aug. 30, 2007).

On March 13, 2007, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting that his guilty plea was not entered into knowingly and voluntarily, that defense counsel provided ineffective assistance, and that he was innocent.  The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on July 22, 2008.  Morla v. State, 956 A.2d 31 (Table), 2008 WL 2809156 (Del. July 22, 2008).  Petitioner filed a motion for reargument, which the Delaware Supreme Court denied en banc on August 26, 2008.  Id.

Petitioner filed the pending habeas Petition in November 2008, asserting two claims for relief.  First, he contends that defense counsel provided ineffective assistance by failing to hire an interpreter to assist in communicating with Petitioner during pre-trial discussions.  According to Petitioner, counsel's failure to hire an interpreter led Petitioner to plead guilty because he thought he would be sentenced to twenty-seven years of imprisonment if he proceeded to trial. In his second claim, Petitioner contends that he has been denied due process and equal protection of the law because his sentence exceeds the minimum mandatory sentence statutorily authorized by Delaware law.  (D.I. 2.)  The State filed an Answer requesting the Court to deny the Petition as time-barred.  In the alternative, the State argues that the Court must dismiss the ineffective assistance of counsel claim as procedurally barred and both claims as meritless.  (D.I. 13.)

## II. DISCUSSION

2

A.     **One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements.  See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, filed in 2008, is subject to the one-year limitations period contained in § 2244(d)(1).  See Lindh, 521 U.S. at 336.  Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review.  See Kapral v. United States, 166 F.3d 565,

3

575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).  Here, the Delaware

Superior Court sentenced Petitioner on March 16,  2006, and he did not appeal.  Therefore,

Petitioner's conviction became final on April 17, 2006,[1] and the statute of limitations began to

run on April 18, 2006.   See Del. Supr. Ct. R. 6(a)(ii)(establishing a thirty-day period for timely

filing a notice of appeal).

Based on the foregoing analysis, Petitioner had until April 18, 2007 to timely file his

Petition.  See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil

Procedure 6(a) and (e) applies to federal habeas petitions).  Petitioner, however, did not file the

Petition until October 27, 2008,[2] more than six months after the AEDPA's statute of limitations

expired.  Thus, the Petition is time-barred, unless the limitations period can be statutorily or

equitably tolled.  See Jones, 195 F.3d at 158.  The Court will discuss each doctrine in turn.

**B.**     **Statutory Tolling**

Statutory tolling of the one-year limitations period is authorized by § 2244(d)(2) of the

AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other
> collateral review with respect to the pertinent judgment or claim is pending should not be
> counted toward any period of limitation under this subsection.

---

[1]The thirty-day period for appeal expired on a Saturday.  Therefore, Petitioner had until
Monday, April 17, 2006, to timely file a notice of appeal.

[2]It is well-settled that a prisoner's pro se habeas petition is deemed filed on the date he
delivers it to prison officials for mailing to the district court.  See Longenette v. Krusing, 322
F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison
authorities is to be considered the actual filing date);  Burns v. Morton, 134 F.3d 109, 113 (3d
Cir. 1998).  The Court adopts the date on the Petition, October 27, 2008, as the filing date,
because presumably, Petitioner could not have presented the Petition to prison officials for
mailing any earlier than that date.  See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del.
2002).

28 U.S.C. § 2244(d)(2).  A properly filed application for State collateral review tolls the AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals.  <u>Swartz v. Meyers</u>, 204 F.3d 417, 424-25 (3d Cir. 2000).  However, a properly filed application for State collateral review will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period.  <u>See</u> <u>Price v. Taylor</u>, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Petitioner filed his Rule 61 motion on March 13, 2007, which the Superior Court denied on August 30, 2007.  The Delaware Supreme Court affirmed that judgment on July 22, 2008, and denied re-argument on August 26, 2008.   Therefore, the limitations period in this case was tolled from March 13, 2007 through August 26, 2008.  <u>See</u> <u>Kindler v. Horn</u>, 542 F.3d 70 (3d Cir. 2008)(finding that timely filed motion for reargument of post-conviction appeal tolls the AEDPA's limitations period).

When Petitioner filed his Rule 61 motion on March 13, 2007, 329 days of the AEDPA's one-year filing period had already elapsed.  The limitations clock started to run again on August 27, 2008, and ran without interruption until it expired on October 1, 2008.  Therefore, statutory tolling does not render the Petition timely filed.

**C.**     **<u>Equitable Tolling</u>**

The AEDPA's limitations period may be equitably tolled, but  "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." <u>Jones</u>, 195 F.3d at 159.  In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is

5

insufficient.  <u>Miller v. N.J. Dep't Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998);  <u>Schlueter v. Varner</u>, 384 F.3d 69, 77 (3d Cir. 2004).  Consistent with these principles, the Third Circuit has specifically limited equitable tolling of the AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

<u>Jones</u>, 195 F.3d at 159;  <u>see also</u> <u>Brinson v. Vaughn</u>, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Petitioner contends that his limited proficiency in the English language and the  general unavailability of Spanish interpreters in the Delaware judicial system constitute extraordinary circumstances for equitable tolling purposes.  Although the Third Circuit Court of Appeals has not considered whether a petitioner's lack of proficiency in the English language can act to equitably toll the limitations period, other circuit courts have held that equitable tolling on this ground may be warranted only if the petitioner demonstrates that the language barrier actually affected his ability to file the habeas petition in a timely manner and that he "made all reasonable efforts to obtain assistance and mitigated his language his language ability."  <u>Diaz v. Kelly</u>, 515 F.3d 149, 154 (2d Cir. 2008);  <u>see</u> <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1069 (9th Cir. 2006);  <u>see also</u> <u>Cobas v. Burgess</u>, 306 F.3d 441, 444 (6th Cir. 2002)(where petitioner's lack of proficiency in English does not prevent access to the courts, the lack of proficiency does not warrant equitable tolling).    Following this reasoning, the Court has denied similar language proficiency arguments in past habeas cases.  <u>See</u> <u>Sanchez v. Phelps</u>, 621 F. Supp. 2d 183 (D. Del. 2009);

Taylor v. Carroll, 2004 WL 1151552 (D. Del. May 14, 2004).  As explained below, after viewing Petitioner's argument within this same framework, the Court concludes that equitable tolling is not warranted.

First, the record belies any suggestion that language difficulties actually prevented petitioner from filing his application in a timely manner.  See United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004)(pro se litigant's alleged language difficulties did not justify equitable tolling for § 2255 motion because defendant wrote numerous court filings himself in English and PSR indicated defendant's belief that his English skills were excellent);  Cobas, 306 F.3d at 444 (6th Cir. 2002)(pro se litigant's alleged language difficulties did not justify equitable tolling for § 2254 application because record contained detailed letter written by defendant to counsel, in English; even if someone helped defendant draft post-conviction motions, he was able to communicate with the person who helped him).  The documents filed in this proceeding and in Petitioner's state court proceedings are in English and well-written.  Second, to the extent someone else may have helped Petitioner prepare the documents, Petitioner has not alleged that he was unable to obtain such help prior to the expiration of the AEDPA's limitations period. Thus, viewing the totality of circumstances, the court concludes that Petitioner's alleged lack of English proficiency does not justify equitable tolling.

Moreover, to the extent Petitioner made a mistake in computing the relevant deadlines under the AEDPA's statute of limitations, that mistake does not justify equitably tolling the limitations period.  See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted);

Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will dismiss the Petition as time-barred.[3]

**D.    Pending Motions**

Petitioner filed a Motion for Evidentiary Hearing.  (D.I. 8.)  On the basis of the record provided, the Court has concluded that it must deny the Petition as time-barred.  See 28 U.S.C. § 2254(e);  Campbell v. Vaughn, 209 F.3d 280, 286-87 (3d Cir. 2001)(in exercising discretion over whether to grant an evidentiary hearing, a court should focus "on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim.").   Therefore, the Court will deny the Motion for Evidentiary Hearing as moot.

The record also reveals that Respondents filed a Motion for Extension of Time to File State Court Records.  (D.I. 14.)  Respondents did, in fact, file the State Court Records, which the Court reviewed in its consideration of the instant Petition.  Accordingly, the Motion for Extension of Time will also be denied as moot.

### III.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See 3d Cir. L.A.R. 22.2(2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district

---

[3]The Court's conclusion that the application is time-barred eliminates the need to address the State's alternative arguments that the court is procedurally barred from reviewing the merits of claim one or that both claims lack merit.

court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the instant Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed, the Court denies the instant Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, without an evidentiary hearing. (D.I. 2.)

An appropriate Order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated:  September  28,  2009